UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| EDWARD WILLIAMS, *Pro Se*, | ) | Case Nos.: | 1:06 CV 2195 |
| | ) | | 1:04 CR 329 |
| Petitioner | ) | | |
| | ) | | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent | ) | <u>ORDER</u> | |

This case is before the court on Petitioner Edward Williams' ("Petitioner" or "Williams") *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Petition" or "Motion"). (ECF No. 1.) For the reasons stated herein, the court will conduct an evidentiary hearing on July 6, 2007, at 1:30 P.M., to determine whether Petitioner's counsel failed to file an appeal upon the timely request of Petitioner. Furthermore, the court withholds judgment on the merits of Petitioner's claims under *United States v. Booker* pending the outcome of the evidentiary hearing.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 23, 2004, a federal grand jury indicted Petitioner on two counts. Count 1 of the Indictment charged Williams with possession with the intent to distribute in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (1:04 CR 329, Indictment, ECF No. 1.) Count 2 of the Indictment charged Williams with possession with the intent to distribute in excess of 500 grams of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B). (*Id.*) On August 17, 2004, a Superceding Indictment was filed, alleging, in addition to the above charges, that Williams was a career offender under the United States Sentencing Guidelines. (1:04 CR 329, Superceding Indictment, ECF No. 17.)

On October 25, 2004, pursuant to a written plea agreement in which the government agreed to dismiss Count 2, Williams pled guilty to Count 1 of the Superceding Indictment, for possession with the intent to distribute in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (1:04 CR 329, Plea Agreement, ECF No. 27.) In that plea agreement, Petitioner acknowledged that the statutory penalties applicable to the crime to which he pled guilty would be enforced pursuant to notice given by the United States. (Plea Agreement ¶ 4.) Indeed, on the morning of his plea, the United States formally filed an Information regarding Williams' prior conviction upon which they would rely for sentencing enhancement. (1:04 CR 329, Information, ECF No. 25.) In his plea agreement, Petitioner acknowledged that he had been advised of his legal rights and he agreed to waive his rights "to appeal [his] conviction or sentence ... including [his] appeal right conferred by 18 U.S.C. § 3742, and [his right] to challenge the conviction or sentence collaterally through a post conviction proceeding, including a proceeding under 28 U.S.C. § 2255." (Plea Agreement ¶ 14.)

On January 12, 2005, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which held that the United States Sentencing Guidelines are advisory. On January 24, 2005, the court sentenced Williams to 262 months incarceration, followed by a ten-year period of supervised release, and ordered him to pay a $100.00 special assessment fee. (1:04 CR 329, ECF No. 26.) Judgment was entered against Petitioner on February 1, 2005. (1:04 CR 329, Judgment, ECF No. 29.) Williams did not file a notice of appeal within ten days pursuant to Federal Rule of

Appellate Procedure 4(b)(1)(A). Petitioner contends that he requested that his counsel file an appeal. (Petitioner's Memo. in Support, ECF No. 6 at 4.)

On September 12, 2006, Williams filed the pending Motion. In his Motion, Williams contends: (1) that his counsel was ineffective in failing to act on his timely request to file an appeal; (2) that his counsel was ineffective in failing to argue for a lighter sentence in light of *Booker*, which was decided after Petitioner had entered into the plea agreement, but before his sentencing; (3) that Petitioner did not knowingly enter into the plea agreement because he did not know of the advisory nature of the sentencing guidelines under *Booker*; and (4) that the trial court erred in failing to consider *Booker* during sentencing. (Petitioner's Memo. in Support at 4, 6, 7; Motion at 3.)

The government argues that Petitioner's Motion is time-barred pursuant to 28 U.S.C. § 2255. Furthermore, the government argues that *Booker* is inapplicable to Petitioner's claims herein because it does not apply retroactively to collateral proceedings. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).

## II. STANDARD OF LAW

28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, to prevail on a § 2255 motion alleging a constitutional error, the petitioner must show an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). To prevail on a non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in

a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Moreover, in order to obtain this form of collateral relief, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 166 (1982), because "[o]nce the defendant's chance to appeal has been waived or exhausted ... we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

### III. LAW AND ANALYSIS

#### A. Ineffective Assistance of Counsel: Counsel's Failure to Appeal

The Sixth Amendment guarantees all defendants the right to constitutionally effective assistance of counsel. Counsel is presumed effective; thus, a petitioner has a significant hurdle in establishing ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the Supreme Court held, "[t]he benchmark for judging any claim for ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." To establish that counsel was ineffective, a defendant must prove: (1) that the counsel's performance was deficient; and (2) that the deficient performance prejudiced the defendant. *Id.* at 687. A counsel's performance is deficient when that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*

A counsel's failure to "follow the defendant's express instructions with respect to an appeal" constitutes professionally unreasonable conduct. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). In *Roe*, the Supreme Court held that

> counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480. To satisfy the prejudice prong, the petitioner must show only that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Even where a defendant has pled guilty and waived the relevant appeal rights, as here, his "counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*, irrespective of whether the appeal would be successful." *Carrion v. United States*, 107 F. App'x 545, 547 (6th Cir. 2004). In *Carrion*, the Sixth Circuit remanded the case back to the district court for a hearing to determine whether the petitioner "had actually asked counsel to perfect an appeal." *Id.* If so, the court held that the petitioner would be entitled to file a delayed appeal. *Id.*

The United States argues here, however, that Petitioner's claim was not filed within the one year provided for filing such claims. (Government's Mot. to Dismiss, ECF No. 5 at 6.) Under 28 U.S.C. § 2255, a motion for collateral relief must be filed one year from the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims

-5-

>presented could have been discovered through the exercise of due diligence.

In its motion to dismiss, the government contends that under § 2255(1) Petitioner had one year after his conviction became final to file a § 2255 collateral attack. (Government's Mot. to Dismiss at 6.) Citing *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987), the government posits that "generally speaking, a conviction becomes final when the possibility of appellate review is exhausted." (Government's Mot. to Dismiss at 5.) Accordingly, the government argues, Petitioner's conviction became final when he failed to file a notice of appeal within ten days "after the filing of the judgment and commitment order" issued on January 24, 2005. (*Id*. at 5.) As such, the one-year period in which Petitioner had a right to file collateral attack began on February 4, 2005. (*Id*.) Because Petitioner's § 2255 motion was filed more than one year after this date, the government argues that it is time-barred. (*Id*. at 7.)

Contrary to the government's assertion, petitions alleging ineffective assistance based on counsel's failure to file a requested appeal are properly considered under § 2255(4). *Cf. Granger v. Hurt*, 90 F. App'x 97, 99 (6th Cir. 2004) (applying language contained in the state habeas corpus statute of limitations under 28 U.S.C. § 2244(1)(D), which is nearly identical to § 2255(4)). Where a petitioner alleges ineffective assistance of counsel because counsel failed to appeal, the factual predicate is when the petitioner discovered counsel's failure to appeal. *Granger*, 90 F. App'x at 99-100. The correct inquiry "is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Wims v. United States*, 225 F.3d 186, 190 (2000).

In the instant case, Petitioner alleges that he expressly asked his attorney to file an appeal.

-6-

The record demonstrates that his attorney did not file an appeal. The government's brief does not address this issue. Consequently, the court shall hold an evidentiary hearing to determine whether Petitioner did in fact request that his attorney file an appeal and, if so, the date on which Petitioner discovered or should have discovered that an appeal was not filed.

### B. Petitioner's Remaining Claims

Section 2255 petitions are not properly considered when a direct appeal is pending. *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. 1998); *see also United States v. Dukes*, 727 F.2d 34, 41 (2nd Cir. 1984) (holding that "petitioners are . . . generally required to exhaust direct appeal before bringing a petition under § 2255"). Because Petitioner's other claims may properly be brought on direct appeal, the court will withhold judgment as to the merits of these claims until after an evidentiary hearing has been held to determine whether Petitioner is entitled to a delayed appeal.

### IV. CONCLUSION

The court will conduct an evidentiary hearing on July 6, 2007, at 1:30 P.M., to determine whether Petitioner's trial counsel failed to follow Petitioner's instructions to file a timely notice of appeal. The court assumes that no formal discovery is necessary prior to that hearing. If there is a need for discovery, the parties shall notify the court forthwith, describing the precise nature and extent of any such requested discovery. Petitioner's trial counsel, Gary Levine, and counsel for the United States shall be present at the evidentiary hearing, and Petitioner shall appear by video conference.

The court withholds judgment on the merits of Petitioner's 28 U.S.C. § 2255 claims grounded in *Booker* pending the outcome of the hearing. However, the parties shall be prepared at the conclusion of the hearing to raise, on the record, any further arguments they have regarding the

remaining claims in the event the court denies the claim regarding the filing of the notice of appeal.

    IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 19, 2007